UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL STEINBERG,

    Petitioner,

v.                                          CASE NO.:

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION

    Respondent,
_____/

**PETITION FOR WRIT OF MANDAMUS**

Comes now the Petitioner, Michael Steinberg, a resident of Tampa, Hillsborough County, Florida, and petitions this court for extraordinary relief in the nature Writ of Mandamus directed to the Respondent, Commissioner of the Social Security Administration, and his/her employees and agents, and says:

This action seeks to compel the Respondent to pay the Petitioner's attorney fees withheld, or should have been withheld from a claimant's past-due social Security Disability Benefits. In support of this petition, Petitioner alleges as follows:

**COUNT I-Rachelle Juarez**

1. A claimant for Social Security Disability Benefits, Rachelle Juarez, retained Michael Steinberg to represent her in a claim for Social Security Disability Insurance benefits.

2. Rachelle Juarez signed a fee agreement, agreeing to pay Petitioner 25% of her past- due Disability Insurance Benefits, if her case was approved.

3. Rachelle Juarez received a favorable decision from an Administrative Law Judge finding her disabled. On February 16, 2020, the Respondent authorized a fee to be paid to the Petitioner in the amount of $6,000. Attached is a copy of said authorization.

4. The Respondent has paid one-half of the authorized fee to the Petitioner, but still owes a balance of $3,000.00

5. The Petitioner has made numerous calls to the payment center of the Respondent, but has not received a response

6. Respondent is the Commissioner of the Social Security Administration, named solely in his/her official capacity.

7. This court has jurisdiction over the subject matter of this action under the Writs Act, 28 USC, section 1651 (a).

8. The Respondent has a clear duty to pay the attorney fees owed to the Petitioner, withheld from the claimant's past-due benefits.

9. The Respondent's refusal to perform his clear duty leaves the Petitioner no other adequate remedy other than mandamus.

10. The Petitioner herein posits that in this case, the Respondent's failure to pay Petitioner the attorney fees owed and withheld is an arbitrary refusal to act.

It is respectfully requested that this court issue an order directed to the Respondent to answer Petitioner's Petition and to show cause why the relief prayed for in this action should not be granted.

### COUNT II- Jody Jones

1. A claimant for Social Security Disability Benefits, Jody Jones, retained Michael Steinberg to represent her in a claim for Social Security Disability Insurance benefits.

2. Jody Jones signed a fee agreement, agreeing to pay Petitioner 25% of her past- due Disability Insurance Benefits, if his case was approved.

3. Jody Jones received a favorable decision from an Administrative Law Judge on March 8, 2021, finding her disabled. Subsequently the Petitioner submitted a petition to charge and collect a fee. On April 14, 2020, the Respondent authorized a fee to be paid to the Petitioner in the amount of $6,000. Attached is a copy of said authorization.

4. The Respondent has paid one-half of the authorized fee to the Petitioner, but still owes a balance of $3,000.00

5. The Petitioner has made numerous calls to the payment center of the Respondent, but has not received a response

6. Respondent the Commissioner of the Social Security Administration, named solely in his/her official capacity.

7. This court has jurisdiction over the subject matter of this action under the Writs Act, 28 USC, section 1651 (a).

8. The Respondent has a clear duty to pay the attorney fees owed to the Petitioner, withheld from the claimant's past-due benefits.

9. The Respondent's refusal to perform his clear duty leaves the Petitioner no other adequate remedy other than mandamus.

10. The Petitioner herein posits that in this case, the Respondent's failure to pay Petitioner the attorney fees owed and withheld is an arbitrary refusal to act.

It is respectfully requested that this court issue an order directed to the Respondent to answer Petitioner's Petition and to show cause why the relief prayed for in this action should not be granted.

## **COUNT III- Hector Rivera**

1. A claimant for Social Security Disability Benefits, Hector Rivera, retained Michael Steinberg to represent him in a claim for Social Security Disability Insurance benefits.

2. Hector Rivera signed a fee agreement, agreeing to pay Petitioner 25% of her past- due Disability Insurance Benefits, if his case was approved.

3. Hector Rivera received a favorable decision from an Administrative Law Judge finding him disabled. Subsequently, the Petitioner submitted a petition to charge and collect a fee. On February 12, 2021, the Respondent authorized a fee to be paid to the Petitioner in the amount of $6,000.00. Attached is a copy of said authorization.

4. The Respondent has paid $692.25.00 of the authorized fee to the Petitioner. The Respondent still owes the Petitioner the balance of the fees approved and withheld.

5. The Petitioner has made numerous calls to the payment center of the Respondent, but has not received a response

6. Respondent the Commissioner of the Social Security Administration, named solely in his/her official capacity.

7. This court has jurisdiction over the subject matter of this action under the Writs Act, 28 USC, section 1651 (a).

8. The Respondent has a clear duty to pay the attorney fees owed to the Petitioner, withheld from the claimant's past-due benefits.

9. The Respondent's refusal to perform his clear duty leaves the Petitioner no other adequate remedy other than mandamus.

10. The Petitioner herein posits that in this case, the Respondent's failure to pay Petitioner the attorney fees owed and withheld is an arbitrary refusal to act.

It is respectfully requested that this court issue an order directed to the Respondent to answer Petitioner's Petition and to show cause why the relief prayed for in this action should not be granted.

## COUNT IV- Connie Fearance

1. A claimant for Social Security Disability Benefits, Connie Fearance, retained Michael Steinberg to represent her in a claim for Social Security Disability Insurance benefits.

2. Connie Fearance signed a fee agreement, agreeing to pay Petitioner 25% of her past- due Disability Insurance Benefits, if her case was approved.

3. Connie Fearance received a favorable decision from an Administrative Law Judge finding her disabled.

4. Subsequently the Respondent authorized a fee to be paid to the Petitioner in the amount of $5,918.00. Attached is a copy of said authorization.

5. The Petitioner has made numerous calls to the payment center of the Respondent, but has not received a response.

6. Respondent is the Commissioner of the Social Security Administration, named solely in his/her official capacity.

7. This court has jurisdiction over the subject matter of this action under the Writs Act, 28 USC, section 1651 (a).

8. The Respondent has a clear duty to pay the attorney fees owed to the Petitioner, withheld from the claimant's past-due benefits.

9. The Respondent's refusal to perform his clear duty leaves the Petitioner no other adequate remedy other than mandamus.

10. The Petitioner herein posits that in this case, the Respondent's failure to pay Petitioner the attorney fees owed and withheld is an arbitrary refusal to act.

It is respectfully requested that this court issue an order directed to the Respondent to answer Petitioner's Petition and to show cause why the relief prayed for in this action should not be granted.

## COUNT V- Michelle McDowell

1. A claimant for Social Security Disability Benefits, Michelle McDowell, retained Michael Steinberg to represent her in a claim for Social Security Disability Insurance benefits.

2. Michelle McDowell signed a fee agreement, agreeing to pay Petitioner 25% of his past- due Disability Insurance Benefits, if his case was approved.

3. Michelle McDowell received a favorable decision from an Administrative Law Judge finding her disabled.

4. Subsequently the Respondent authorized a fee to be paid to the Petitioner in the amount of $4,960.50.00. Attached is a copy of said authorization.

5. The Petitioner has made numerous calls to the payment center of the Respondent, but has not received a response

6. Respondent is the Commissioner of the Social Security Administration, named solely in his/her official capacity.

7. This court has jurisdiction over the subject matter of this action under the Writs Act, 28 USC, section 1651 (a).

8. The Respondent has a clear duty to pay the attorney fees owed to the Petitioner, withheld from the claimant's past-due benefits.

9. The Respondent's refusal to perform his clear duty leaves the Petitioner no other adequate remedy other than mandamus.

10. The Petitioner herein posits that in this case, the Respondent's failure to pay Petitioner the attorney fees owed and withheld is an arbitrary refusal to act.

It is respectfully requested that this court issue an order directed to the Respondent to answer Petitioner's Petition and to show cause why the relief prayed for in this action should not be granted.

## COUNT VI- Michelle Thomas

1. A claimant for Social Security Disability Benefits, Michelle Thomas, retained Michael Steinberg to represent her in a claim for Social Security Disability Insurance benefits.

2. Michelle Thomas signed a fee agreement, agreeing to pay Petitioner 25% of his past- due Disability Insurance Benefits, if his case was approved.

3. Michelle Thomas received a favorable decision from the Respondent finding her disabled.

4. Subsequently the Respondent authorized a fee to be paid to the Petitioner in the amount of $1,862.93. Attached is a copy of said authorization.

5. The Petitioner has made numerous calls to the payment center of the Respondent, but has not received a response

6. Respondent is the Commissioner of the Social Security Administration, named solely in his/her official capacity.

7. This court has jurisdiction over the subject matter of this action under the Writs Act, 28 USC, section 1651 (a).

8. The Respondent has a clear duty to pay the attorney fees owed to the Petitioner, withheld from the claimant's past-due benefits.

9. The Respondent's refusal to perform his clear duty leaves the Petitioner no other adequate remedy other than mandamus.

10. The Petitioner herein posits that in this case, the Respondent's failure to pay Petitioner the attorney fees owed and withheld is an arbitrary refusal to act.

It is respectfully requested that this court issue an order directed to the Respondent to answer Petitioner's Petition and to show cause why the relief prayed for in this action should not be granted.

## COUNT VII- Naila Dobrijevic

1. A claimant for Social Security Disability Benefits, Naila Dobrijevic, retained Michael Steinberg to represent her in a claim for Social Security Disability Insurance benefits.

2. Naila Dobrijevic signed a fee agreement, agreeing to pay Petitioner 25% of his past- due Disability Insurance Benefits, if her case was approved. The Respondent was sent a copy of the Appointment of Attorney, fee agreement, and Indentifying Information for Possible Direct Payment of Authorized Fees. The Respondent acknowledged in writing receipt of these documents. Attached is a copy of said acknowledgement

3. Naila Dobrijevic received a favorable decision from the Respondent finding her disabled.

4. Subsequently the Respondent awarded the Petitioner past due benefits in the amount of $1,862.93. Attached is a copy of the Notice of Award. No representative fees were withheld or authorized

5. The Petitioner has made numerous calls to the payment center of the Respondent, but has not received a response

6. Respondent is the Commissioner of the Social Security Administration, named solely in his/her official capacity.

7. This court has jurisdiction over the subject matter of this action under the Writs Act, 28 USC, section 1651 (a).

8. The Respondent has a clear duty to make a decision as to whether to approve the fee agreement between Naila Dobrijevic and the Petitioner, and to authorize attorney fees owed to the Petitioner, if approved.

9. The Respondent's refusal to perform his/her clear duty leaves the Petitioner no other adequate remedy other than mandamus.

10. The Petitioner herein posits that in this case, the Respondent's failure to make a decision as to whether to approve the fee agreement between Naila Dobrijevic and the Petitioner, and to authorize attorney fees owed to the Petitioner, if approved

is an arbitrary refusal to act.

It is respectfully requested that this court issue an order directed to the Respondent to answer Petitioner's Petition and to show cause why the relief prayed for in this action should not be granted.

## COUNT VIII- <u>Kelly Gordon</u>

1. A claimant for Social Security Disability Benefits, Kelly Gordon, retained Michael Steinberg to represent her in a claim for Social Security Disability Insurance benefits.

2. Kelly Gordon signed a fee agreement, agreeing to pay Petitioner 25% of her past- due Disability Insurance Benefits, if her case was approved.

3. Kelly Gordon received a favorable decision from an Administrative Law Judge finding her disabled. The Administrative Law Judge approved the fee agreement between Kelly Gordon and the Petitioner Attached is a copy of the decision.

4. The Respondent has failed to provide Petitioner with a copy of the notice of award or make a determination as to the amount of fees the Petitioner may charge. The Petitioner believes and therefore alleges that the Respondent negligently failed to withhold and pay fees to the Petitioner, and rather than acknowledge and correct this error, the Respondent has ignored the Petitioner.

5. The Petitioner has made numerous calls to the payment center of the Respondent, but has not received a response.

6. Respondent is the Commissioner of the Social Security Administration, named solely in his/her official capacity.

7. This court has jurisdiction over the subject matter of this action under the Writs Act, 28 USC, section 1651 (a).

8. The Respondent has a clear duty to pay the attorney fees owed to the Petitioner, withheld from the claimant's past-due benefits.

9. The Respondent's refusal to perform his clear duty leaves the Petitioner no other adequate remedy other than mandamus.

10. The Petitioner herein posits that in this case, the Respondent's failure to calculate and pay Petitioner the attorney fees owed and withheld (or should have been withheld) is an arbitrary refusal to act.

It is respectfully requested that this court issue an order directed to the Respondent to answer Petitioner's Petition and to show cause why the relief prayed for in this action should not be granted.

## COUNT IX- Kimberly Tribble

1. A claimant for Social Security Disability Benefits, Kimberly Tribble, retained Michael Steinberg to represent her in a claim for Social Security Disability Insurance benefits.

2. Kimberly Tribble signed a fee agreement, agreeing to pay Petitioner 25% of her past- due Disability Insurance Benefits, if her case was approved.

3. Kimberly Tribble received a favorable decision from an Administrative Law Judge finding her disabled.

4. Subsequently the Respondent authorized a fee to be paid to the Petitioner in the amount of $5,927.00. Attached is a copy of said authorization.

5. The Petitioner has made calls to the payment center of the Respondent, but has not received a response.

6. Respondent is the Commissioner of the Social Security Administration, named solely in his/her official capacity.

7. This court has jurisdiction over the subject matter of this action under the Writs Act, 28 USC, section 1651 (a).

8. The Respondent has a clear duty to pay the attorney fees owed to the Petitioner, withheld from the claimant's past-due benefits.

9. The Respondent's refusal to perform his clear duty leaves the Petitioner no other adequate remedy other than mandamus.

10. The Petitioner herein posits that in this case, the Respondent's failure to pay Petitioner the attorney fees owed and withheld is an arbitrary refusal to act.

It is respectfully requested that this court issue an order directed to the Respondent to answer Petitioner's Petition and to show cause why the relief prayed for in this action should not be granted.

## COUNT X- Jesha Brown o/b/o L.B.

1. The mother of a claimant for Social Security Disability Benefits, Jesha Brown, retained Michael Steinberg to represent her son, L.B. in a claim for Social Security Supplemental Security Income Insurance benefits.

2. Jesha Brown signed a fee agreement, agreeing to pay Petitioner 25% of L.B.'s past- due Supplemental Security Income Benefits, if his case was approved.

3. L.B. received a favorable decision from the Respondent finding him disabled.

4. Subsequently the Respondent authorized a fee to be paid to the Petitioner in the amount of $748.50. Attached is a copy of said authorization.

5. The Petitioner has received $175.33 in attorney fees on this claim. The Petitioner believes, and therefore alleges, that the Respondent negligently gave Petitioner 25% of the fee awarded, rather than 25% of the claimant's past due benefits. This belief is based on the fact that 25% of the authorized fee is $187.12. After taking into account the 6.3% user fee, the remainder would be exactly $175.33.

6. Respondent is the Commissioner of the Social Security Administration, named solely in his/her official capacity.

7. This court has jurisdiction over the subject matter of this action under the Writs Act, 28 USC, section 1651 (a).

8. The Respondent has a clear duty to pay the attorney fees owed to the Petitioner, withheld, or should have been withheld, from the claimant's past-due benefits.

9. The Respondent's refusal to perform his clear duty leaves the Petitioner no other adequate remedy other than mandamus.

10. The Petitioner herein posits that in this case, the Respondent's failure to pay Petitioner the attorney fees owed and withheld is an arbitrary refusal to act.

It is respectfully requested that this court issue an order directed to the Respondent to answer Petitioner's Petition and to show cause why the relief prayed for in this action should not.

## COUNT XI- <u>Damian Daniels</u>

1. A claimant for Social Security Disability Benefits, Damian Daniels, retained Michael Steinberg to represent her in a claim for Social Security Disability Insurance benefits.

2. Damian Daniels signed a fee agreement, agreeing to pay Petitioner 25% of her past- due Disability Insurance Benefits, if her case was approved.

3. Damian Daniels received a favorable decision from an Administrative Law Judge finding him disabled.

4. Subsequently, the Respondent issued a notice setting forth the amount of Mr. Daniels' past due benefits, and another notice indicating that the fee agreement between the Petitioner and Mr. Daniels had been approved. Attached are copies of said notifications.

5. The Respondent has not taken any further action to calculate and authorize attorney fees. Petitioner has made calls to the payment center of the Respondent, but has not received a response.

6. Respondent is the Commissioner of the Social Security Administration, named solely in his/her official capacity.

7. This court has jurisdiction over the subject matter of this action under the Writs Act, 28 USC, section 1651 (a).

8. The Respondent has a clear duty to authorize and pay the attorney fees owed to the Petitioner, withheld from the claimant's past-due benefits.

9. The Respondent's refusal to perform his clear duty leaves the Petitioner no other adequate remedy other than mandamus.

10. The Petitioner herein posits that in this case, the Respondent's failure to pay Petitioner the attorney fees owed and withheld is an arbitrary refusal to act.

It is respectfully requested that this court issue an order directed to the Respondent to answer Petitioner's Petition and to show cause why the relief prayed for in this action should not be granted.

## COUNT XII- Monroe Montgomery

1. A claimant for Social Security Disability Benefits, Monroe Montgomery, retained Michael Steinberg to represent her in a claim for Social Security Disability Insurance benefits.

2. Monroe Montgomery signed a fee agreement, agreeing to pay Petitioner 25% of her past- due Disability Insurance Benefits, if her case was approved.

3. Monroe Montgomery received a favorable decision from an Administrative Law Judge finding him disabled.

4. Subsequently, the Respondent issued a notice setting forth the amount of Mr. Montgomery's past due benefits, atached is a copy of said notification.

5. The Respondent has not taken any further action to calculate and authorize attorney fees. Petitioner has made calls to the Respondent, but has not received a response

6. Respondent is the Commissioner of the Social Security Administration, named solely in his/her official capacity.

7. This court has jurisdiction over the subject matter of this action under the Writs Act, 28 USC, section 1651 (a).

8. The Respondent has a clear duty to authorize and pay the attorney fees owed to the Petitioner, withheld from the claimant's past-due benefits.

9. The Respondent's refusal to perform his clear duty leaves the Petitioner no other adequate remedy other than mandamus.

10. The Petitioner herein posits that in this case, the Respondent's failure to pay Petitioner the attorney fees owed and withheld is an arbitrary refusal to act.

It is respectfully requested that this court issue an order directed to the Respondent to answer Petitioner's Petition and to show cause why the relief prayed for in this action should not be granted.

    s/Martin Cohen
    Martin Cohen, Esquire
    4925 Independence Parkway, Suite 195
    Tampa, Florida 33634
    (813)221-1300
    Florida Bar No.:  0590185
    martincohenlawyer@gmail.com